## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RL JOHNSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, a Municipal Corporation; )<br>OFFICERS, BRIAN SPRENG, DAVID TULL, )<br>SHEROD DENT, MICHAEL RIVERA, MARISOL )<br>RADONIS, FRANK MACK, JEFFREY )<br>SALVETTI, MICHAEL ORLANDO, and )<br>NICHOLAS GILBERT, VICTOR GUTIERREZ, )<br>MICHAEL MUZUPAPPA, OFFICER PERGANDE)<br>OFFICER MCHUE, Individually and in their )<br>Official Capacity as a Chicago Police Officers; )<br>and SEVERAL UNIDENTIFIED POLICE )<br>OFFICERS; Individually and their Official )<br>Capacity as a Chicago Police Officers, )<br>)<br>Defendants. ) | No. |

### COMPLAINT

NOW COMES the Plaintiff, RL JOHNSON, by and through his attorney, FRED A. TRUGLIO AND ASSOCIATES, and complaining of the Defendants CITY OF CHICAGO, a municipal corporation, OFFICERS, BRIAN SPRENG (Star 5688), DAVID TULL (Star 16233), SHEROD DENT (Star 16475), MICHAEL RIVERA (Star 14499), MARISOL RADONIS (Star 14012), FRANK MACK (Star 19804), JEFFREY SALVETTI (Star 12024), MICHAEL ORLANDO (Star 5594), NICHOLAS GILBERT (Star 15552), VICTOR GUTIERREZ (Star 20220), MICHAEL MUZAPAPPA (Star 21137) OFF. PERGANDE (Star 200430) and OFF. MCHUE (Star 21119) (hereinafter collectively referred to as the OFFICERS) individually and in their official capacity as a

1

Chicago Police Officers, and SEVERAL UNIDENTIFIED POLICE OFFICERS, (hereinafter collectively referred to as the UNIDENTIFIED OFFICERS) individually and in their capacity as Chicago Police Officers, states as follows:

## PARTIES

1. Plaintiff, RL JOHNSON, is a citizen of the United States and a resident of Chicago, Illinois.

2. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois and located in Cook County, Illinois and as such is responsible for the policies, practices and procedures of the Chicago Police Department and its police officers and is responsible for the acts of their employee police officers while acting within the scope of their employment.

3. Defendants, OFFICERS, are citizens of the United States and residents of Chicago, Illinois. At all times relevant, Defendants, OFFICERS, were sworn members of the City of Chicago Police Department and acting under color of law and within the scope of their employment both individually and as an agents, servants, and/or employees of the Defendant, CITY OF CHICAGO.

4. Defendants, UNIDENTIFIED OFFICERS, are citizens of the United States and residents of Chicago, Illinois. At all times relevant, Defendants, UNIDENTIFIED OFFICERS, were sworn members of the City of Chicago Police Department and acting under color of law and within the scope of their employment both individually and as an agents, servants, and/or employees of the Defendant, CITY OF CHICAGO.

## JURISDICTION AND VENUE

2

5. This is an action brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendment to the United States Constitution, and the laws of the State of Illinois.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343 and 28 U.S.C. §1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that all Defendants are residents of this District and all the acts or omissions which give rise to this cause of action occurred in this District.

## FACTS

8. On May 21, 2009, Plaintiff, RL JOHNSON, was in the process of being apprehended by the aforementioned Defendants, all officers of the Chicago Police Department, at approximately 4055 W. Maypole in the City of Chicago, State of Illinois.

9. As Plaintiff was standing on the street next to a parked motor vehicle with his hands in the air, he was recklessly and intentionally struck by a motor vehicle owned by the City of Chicago and being operated by one or more of the aforementioned Defendants, causing Plaintiff to suffer severe bilateral ankle and leg fractures.

10. After being struck by the vehicle and suffering severe bilateral ankle and leg fractures, Plaintiff fell to the ground where he was lying in extreme pain where he was then approached by and repeatedly kicked and beaten by one or more of the Defendants.

11. After lying on the ground for a period of time, with obvious severe bilateral ankle and leg fractures, Plaintiff was handcuffed and told to get up and walk. Plaintiff responded that he could not due to his injuries and requested and ambulance and immediate medical treatment.

Plaintiff was then picked up by his shoulders by one or more of the Defendants and forced to walk despite having sustained serious injuries to his legs.

12. Instead of being provided an ambulance and immediate medical attention, Plaintiff was lifted into a Chicago Police Department Wagon and transported to the 25th district Chicago Police Station where he was detained by one or more of the Defendants and then finally transported to a nearby hospital for treatment of his injuries.

13. The policies and procedures of the Chicago Police Department forbid its officers to physically beat, batter and injure persons under its control.

14. Notwithstanding these policies and procedures the CITY OF CHICAGO, and one or more of the OFFICERS and/or UNIDENTIFIED OFFICERS recklessly, intentionally and maliciously struck the Plaintiff with a motor vehicle, beat and battered him while under their control.

### COUNT I - 42 U.S.C. § 1983
### (OFFICERS and UNIDENTIFIED OFFICERS)

15. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 1-14 of Count I as though fully set forth herein.

16. The conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS in recklessly and intentionally striking Plaintiff with a motor vehicle and then kicking and beating him while he lay on the ground with severe injuries, was objectively unreasonable and constituted the use of excessive force in that the conduct was not reasonably necessary under the circumstances. The conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS was done deliberately and maliciously, and with the intent to

injure the Plaintiff and violated Plaintiff's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

17. As a direct and proximate result of the conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS's conduct, Plaintiff suffered serious and permanent personal injuries, including but not limited to bilateral leg and ankle fractures, physical pain and suffering, medical and hospital bills, lost wages and attorney fees.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS and award him such legal and equitable damages, attorney's fees and costs, to which he is entitled.

### COUNT II - 42 U.S.C. § 1983 (Failure to Intervene and Protect)
### (OFFICERS and UNIDENTIFIED OFFICERS)

18. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 18-32 of Count II as though fully set forth herein.

33. The conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS in failing to intervene as well as participating in the kicking and beating of Plaintiff constituted a violation of Plaintiff's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

34. As a direct and proximate result of the conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS's conduct, Plaintiff suffered serious and permanent personal injuries, including but not limited to, bilateral leg and ankle fractures,

physical pain and suffering, medical and hospital bills, lost wages, and attorney fees.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS and award him such legal and equitable damages, attorney's fees and costs, to which he is entitled.

### COUNT III - 42 U.S.C. § 1983 (Failure to provide medical attention)
### (OFFICERS and UNIDENTIFIED OFFICERS)

35. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 35-49 of Count III as though fully set forth herein.

50. The conduct of one or more of the Defendants OFFICERS and UNIDENTIFIED OFFICERS in failing to provide immediate medical care or treat Plaintiff and forcing him to walk in pain after suffering obvious and severe bilateral leg and ankle fractures constituted a failure to fulfill their duty to provide medical care and a violation of Plaintiff's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate result of the conduct of one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS's conduct, Plaintiff suffered serious and permanent personal injuries, including but not limited to, bilateral leg and ankle fractures, physical pain and suffering, medical and hospital bills, lost wages, and attorney fees.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against one or more of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS and award him such legal and equitable damages, attorney's fees and costs, to which he is entitled.

## COUNT IV
### (42 U.S.C. Section 1983 *MONELL* Policy Claim- CITY OF CHICAGO)

52. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 52-66 of Count IV as though fully set forth herein.

67. The actions of the Defendants, OFFICERS and UNIDENTIFIED OFFICERS all within their scope of employment as police officers with the Chicago Police Department as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the CITY OF CHICAGO.

68. At all times material to this complaint, the CITY OF CHICAGO, through its police department, respective officers, agents, and deputies, and pursuant to its policies and practices, had interrelated *de facto* policies, practices, and customs which included, *inter alia*:

    a. failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control officers, particularly those who are repeatedly accused of physical and other abuse of suspects and other citizens of false arrests, wrongful imprisonments, malicious prosecutions and wrongful convictions, and of making false reports and statements;

    b. the police code of silence, specifically in cases where officers engaged in the violations articulated above, whereby said persons failed to report or otherwise covered-up instances of misconduct, and/or the fabrication, suppression and destruction of evidence of which they were aware, despite their obligation under the law and pursuant regulations to report such violations. Said code of silence also includes officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges;

    c. other police personnel, including those police personnel on the supervisory and command level, knowingly and consistently failed to intervene to protect detainees when they knew such persons were being physically abused and victimized;

    d. through its official offices, failing to conduct adequate and sufficient

investigations into police misconduct.

69. Defendants had a widespread practice or custom of physically and emotionally abusing arrestees, which herein caused proximate harm to Plaintiff.

70. Defendants were deliberately indifferent to Plaintiff's physical beating and being recklessly and intentionally struck by a police motor vehicle in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

71. The patterns and practices set forth above were well known by the command level and supervisory officials of the CITY OF CHICAGO both before and after Plaintiff sustained severe and permanent injuries after being struck and physically beaten.

72. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and were separately and together a direct and proximate cause of the unconstitutional acts and the injuries suffered by Plaintiff.

73. The involvement in, and ratification of, the unconstitutional actions set forth above by the CITY OF CHCIAGO officials, acting as a final policymakers for CITY OF CHICAGO in police matters also establishes that said Constitutional violations were directly and proximately caused by CITY OF CHICAGO.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO and award him such legal and equitable damages, attorney's fees and costs, to which he is entitled.

## COUNT V – ASSAULT and BATTERY
### (OFFICERS and UNIDENTIFIED OFFICERS)

74. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 74-88 of Count VI as though fully set forth herein.

89. One or more of the Defendants, OFFICERS and/or UNIDENTIFIED OFFICERS, intentionally, willfully, wantonly, and without legal justification made physical contact with and caused bodily harm to Plaintiff.

90. As a direct and proximate result of the conduct of one or more of the Defendants, OFFICERS and/or UNIDENTIFIED OFFICERS, willful, intentional and deliberate actions, Plaintiff suffered severe and permanent personal injuries, including but not limited to, bilateral leg and ankle fractures, physical pain and suffering, medical and hospital bills, lost wages, and attorney fees.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against one or more of the Defendants, OFFICERS and/or UNIDENTIFIED OFFICERS and award him such legal and equitable damages, attorney's fees and costs to which he is entitled.

### COUNT VI – ASSAULT and BATTERY
### (CITY OF CHICAGO, respondent superior)

91. Plaintiff re-alleges paragraphs 1-14 of this Complaint as paragraphs 91-105 of Count VI as though fully set forth herein.

106. Defendant, CITY OF CHICAGO, by and through the conduct of one or more its agents, servants, and/or employees, Defendants, OFFICERS and/or UNIDENTIFIED OFFICERS, intentionally, willfully, wantonly, and without legal justification made physical contact with and caused bodily harm to Plaintiff.

107. As a direct and proximate result of Defendants CITY OF CHICAGO, by and

through the conduct of one or more its agents, servants, and/or employees, Defendants, OFFICERS and/or UNIDENTIFIED OFFICERS, willful, intentional and deliberate actions, Plaintiff suffered severe and permanent personal injuries, including but not limited to, bilateral leg and ankle fractures, physical pain and suffering, medical and hospital bills, lost wages, and attorney fees.

WHEREFORE the Plaintiff, RL JOHNSON, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO and award him such legal and equitable damages, attorney's fees and costs to which he is entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

/s *Fred A. Truglio*
Attorney for Plaintiff

Fred A. Truglio, Esq.
Fred A. Truglio and Associates
1 North Franklin St., Suite 2625
Chicago, Illinois 60606
(312) 251-3410
ARDC# 6188264