# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2850 | **DATE** | 11/18/2010 |
| **CASE TITLE** | R. L. Johnson vs. City of Chicago | | |

### DOCKET ENTRY TEXT

**The city's motion to dismiss (14) is denied.**

■[ For further details see text below.]

Docketing to mail notices.Notices mailed by Judicial staff.

---

### STATEMENT

**Plaintiff RL Johnson alleges that officers of the police department of the City of Chicago, while attempting to arrest him in May 2009, struck him with a police vehicle, breaking bones in his legs and ankles, beat and kicked him as he lay on the ground, and then denied him proper medical treatment for his injuries. Johnson asserts that the officers' use of excessive force, failure to protect him from the use of excessive force, and denial of prompt medical treatment were deprivations of his constitutional rights in violation of 42 U.S.C. § 1983. Johnson seeks relief from the individual officers and also contends that the defendant City of Chicago is liable for the officers' acts under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). The city seeks dismissal of the *Monell* claim.**

**A *Monell* claim of municipal liability must allege a constitutional violation caused by the municipality's express policy, by a widespread practice so permanent that it has the force of law, or by the act of a decisionmaker who had the authority to make policy. *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000). Johnson bases his claim against the city on allegations of widespread practices: that the city does not train, supervise or control officers who are repeatedly accused of abuse; that officer misconduct is hidden rather than punished; and that the officers who assaulted him had a practice of abusing arrestees. Johnson further alleges that these practices were well known by command level and supervisory officials of the city both before and after his arrest.**

**The city contends that the complaint's claims of widespread practices are mere legal conclusions, and that its allegations fail to make a causal link between those claims and Johnson's injuries. Citing the *Bell Atlantic v. Twombly,* 550 U.S. 544, 547 (2007) requirement that a complaint offer more than a recital of the elements of a cause of action, the city argues that the allegations of Johnson's complaint are so unspecific and conclusory that they fail to assert a plausible claim that he is entitled to relief.**

Accordingly, the city seeks dismissal of Johnson's *Monell* claim under Federal Rule of Civil Procedure 12(b)(6).

*Bell Atlantic* and its progeny, including *Ashcroft v. Iqbal,* — U.S. —, 129 S. Ct. 1937 (2009), did not establish heightened pleading requirements for civil actions generally or for section 1983 complaints: such complaints are sufficient if they state a plausible claim for relief that gives the defendant fair notice of the substance of the claim and its basis. *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 983 (N.D.Ill. 2009). If a *Monell* claim provides fair notice of the nature of the wrongdoing alleged, it can survive a motion to dismiss even if its allegations of the existence of a municipal policy are conclusory. *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D.Ill. 2010). A *Monell* complaint sufficiently states a claim for relief, even without alleging specific facts demonstrating a causal link between alleged policies and alleged injuries, if its allegations and the inferences they create provide the defendant with notice of the assertions it must defend against. *Johnson v. Johnson*, 2008 WL 4874190 at *3 (N.D.Ill. 2008).

Johnson's complaint alleges that the defendant officers used excessive force in arresting him and then denied him medical treatment. It alleges that the defendants had a practice of abusing arrestees and that this practice was well known by city supervisory officials before his arrest. The complaint further alleges that rather than correct such abuses by training or discipline, city officials covered up the misconduct. These allegations are more than bare recitations of the elements of a section 1983 cause of action; they identify specific wrongs by the defendants. The clear inference of the complaint's allegations is that the city had actual knowledge of prior misconduct by the defendant officers, that this misconduct was hidden rather than addressed, and that Johnson would not have been abused by those officers had the city properly addressed their earlier misconduct. These allegations sufficiently notify the city of the assertions it must dispute.

These allegations also distinguish Johnson's complaint from the pleadings in the cases cited by the city as examples of insufficient allegations of municipal liability. In *Mumm v. Witter,* 2006 WL 163151 (N.D.Ill. 2006), the plaintiff's complaint failed to state a cause of action for municipal liability for a civil rights violation because it made "no allegation, even a boilerplate allegation, that there was an express municipal policy, a custom or practice, or a person with final decisionmaking authority that caused their alleged deprivations." 2006 WL 163151 at *4. In *Brown v. City of Chicago,* 2001 WL 1002484 (N.D.Ill. 2001), the complaint alleged neither a pattern of officer conduct that would have put the defendant on notice of constitutional violations nor any connection between an officers' code of silence and the use of force against the plaintiff. 2001 WL 1002484 at *3. In *Blakey v. City of Chicago,* 2009 WL 2851837 (N.D.Ill. 2009), the plaintiff's complaint alleged that there were ongoing constitutional violations by police officers, but failed to allege either that the city knew of such violations or that such violations were widespread; instead, the complaint merely claimed that city policymakers "knew or should have known" of the violations but were deliberately indifferent. As noted above, Johnson's complaint does not share these deficiencies.

For the foregoing reasons, the city's motion to dismiss (14) is denied.

10C2850 R. L. Johnson vs. City of Chicago

Page 2 of 2